IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1) FIX MY PHONE PLUS FRANCHISE, LLC**, an Oklahoma limited liability company, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-24-177-PRW |
| **(2) FLEENER SQUARED, LLC**, an Oklahoma limited liability company; | ) ) ) ) ) ) ) | |
| Defendant | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

The Plaintiff, Fix My Phone Plus Franchise, LLC ("FMPP"), for its Verified Complaint against the Defendant, Fleener Squared, LLC ("Defendant"), alleges and states as follows:

## NATURE OF THIS ACTION

1. This is an action seeking injunctive relief against Defendant for breach of its franchise agreement, trademark and trade dress infringement, and unlawful competition with FMPP. The franchise agreement at issue contains an arbitration provision and provides that FMPP has the right to seek injunctive relief from a court in addition to relief that can be requested in an Arbitration. Accordingly, this is an action for injunctive relief.

## PARTIES

2. FMPP is an Oklahoma limited liability company doing business in Oklahoma County, Oklahoma.

3. Defendant Fleener Squared, LLC is an Oklahoma limited liability company, which does business in Oklahoma County.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 as to those state law claims that are set forth and so related that they form a part of the same case or controversy.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391.

## BACKGROUND

6. FMPP realleges and incorporates herein each proceeding paragraph of this Complaint.

7. FMPP offers franchises for "Fix My Phone Plus" stores, which principally offer and sell repair services and devices relating to computers, smartphones, tablets, gaming consoles, and other electronic equipment, as well as other related services and ancillary products, including a program for accepting used mobile and other electronic devices in exchange for payment and for purposes of resale, repurchase of parts, and cell service.

8. As part of its franchise offering, FMPP licenses and requires franchisees to utilize its "Fix My Phone Plus" trademark (both a word and design mark) (the "trademark"), along with FMPP's trade dress and trade secrets, in their advertising, store signage, and look and feel of the interior of the stores.

9. FMPP has used the trademark "Fix My Phone Plus," and its distinctive trade dress, in association with the repair and sale of consumer electronics since at least as early as September 2011.

10. FMPP has incorporated its "Fix My Phone Plus" trademark in conjunction with its products, services, business, franchises, and advertisements for the same within

Oklahoma and throughout the United States. FMPP has similarly used its incorporated its distinctive trade dress in conjunction with its products, services, business, and franchises. Due to the widespread and extensive use of its trademark and trade dress, and FMPP's control over the nature and quality of its products and services thereunder, and substantial sales as a result thereof, FMPP has built up an excellent reputation and valuable goodwill in and to its trademark and trade dress. An exemplar of FMPP's trademark is depicted below.



11.     FMPP and the Defendant entered into a Franchise Agreement for a store located in the Oklahoma City area. The store, located at 526 SW 4th Street Suite 600, Moore Oklahoma, 73106.

12.     Defendant breached its Franchise Agreement with FMPP, and the Franchise Agreement is terminated.

13.     Defendant breached the Franchise Agreement by, *inter alia*, the failure to pay royalties, failure to adhere to the System, failure to maintain inventory levels, failure to consistently have the store open during business operating hours, failure to allow staff training, failure to submit bookkeeping and accounting records, constituting breach of the following provisions of Defendant's Franchise Agreement:

>     Breach of Section 4.2 of the Franchise Agreement for failure
>     to pay Continuing Royalty fees to Franchisor.

  Breach of Section 4.3 of the Franchise Agreement for failure to pay Technology and Customer Support Fees.

  Breach of Section 4.8 of the Franchise Agreement for failure to pay Interest and Charges for Late Payments.

  Breach of Section 7.3 of the Franchise Agreement by not using the Information Systems specified in Manuals in accordance with System Standards.

  Breach of Section 7.4 of the Franchise Agreement by failing to participate in the System and operate the Licensed Stores in strict compliance with the System Standards.

  Breach of Section 10 of the Franchise Agreement for failure to provide financial and operation information.

  Breach of Section 12.2 of the Franchise Agreement by continuing to use Company Trademarks, Trade Dress and Trade Secrets without paying the required royalty and other fees.

  14. Despite termination of the Franchise Agreement, and the failure to pay licensing fees for FMPP's trademark, trade dress and franchise System, Defendant continues to use FMPP's trademark in Google advertising, and Defendant continues to use FMPP's trademark, trade dress, and System at the Moore Store location.

## COUNT I
## BREACH OF CONTRACT

  15. FMPP re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

  16. The Franchise Agreement is a valid, enforceable agreement between FMPP and Defendant.

  17. Defendant breached the Franchise Agreement for the reasons and in the manner set forth above.

18. Section 15.1 of the Franchise Agreement provides that upon termination, Defendant shall cease to use all trade secrets, trademarks, trade names, logotypes, or other commercial symbols or insignia.

19. Defendant continue to use FMPP's trademark and trade dress in the manner described above, in breach of the Franchise Agreement.

20. The foregoing represents material breaches of the Franchise Agreement, and FMPP has performed all conditions precedent and has not excused the foregoing breaches.

21. As a direct and proximate result of the breaches, FMPP is being damaged by the continuing use of its trademark and trade dress.

22. Upon information and belief, J. Fleener has commanded, directed, advised, encouraged and/or controlled the aforementioned breaches, thereby constituting aiding and abetting under Oklahoma law, making him liable for the breaches. J. Fleener is also a guarantor of the obligations of Defendant.

23. The breaches have and will continue to cause FMPP damage unless enjoined.

## COUNT IV
## VIOLATION OF THE LANHAM ACT

24. FMPP re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

25. The FMPP trademark and trade dress are valid and protectable and owned by FMPP.

26. Defendant's use of the trademark and trade dress and/or marks and trade dress that is confusingly similar thereto in association with Defendant's continued services and products after termination of the Franchise Agreement, and the license to use FMPP's trademark and trade dress terminated, is likely to cause confusion, or to cause mistake, or to deceive as to the source, origin, and sponsorship of Defendant's products, and to mislead the public into believing that Defendant is and remains affiliated, connected, and/or associated with FMPP, and/or that Defendant's products originate from, are sponsored by, are endorsed by, and/or are somehow approved by FMPP, all in violation of 15 U.S.C. § 1125(a).

27. Defendant's activities have caused and will cause irreparable harm to FMPP for which it has no remedy at law so that if Defendant's wrongful conduct continues, customers and others are likely to become further confused as to the source of the products provided by Defendant, and any infringement by Defendant constitutes an interference with FMPP's goodwill and customer relationships. As a result, FMPP is entitled to an injunction prohibiting Defendant's use of the FMPP's trademark and trade dress.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

28. FMPP re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

29. Defendant's use of the FMPP trademark and/or marks confusingly similar thereto in association with Defendant's products and services infringes on FMPP's rights

in and to its trademarks and is likely to cause confusion, or to cause mistake, or to deceive as to the source, origin and sponsorship of Defendant's products and services, and to mislead the public into believing that Defendant is affiliated, connected, and/or associated with FMPP, and/or that Defendant's products and services originate from, are sponsored by, are endorsed by, and/or are somehow approved by FMPP.

30. Defendant's activities have caused and will cause irreparable harm to FMPP for which it has no remedy at law so that if Defendant's wrongful conduct continues, customers and others are likely to become further confused as to the source of the products provided by Defendant, and any infringement by Defendant constitutes an interference with FMPP's goodwill and customer relationships. As a result, FMPP is entitled to an injunction prohibiting Defendant's use of the FMPP's trademark and trade dress.

## COUNT IV
## DECEPTIVE TRADE PRACTICES

31. FMPP re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

32. Defendant has, in the course of business, and through the above-described acts, willfully and falsely associated Defendant's goods with FMPP and/or the FMPP trademark in violation of the Oklahoma Deceptive Trade Practices Act, 78 Okla. Stat. §§ 51 et seq., including (without limitation) § 53(A)(1), (A)(2), (A)(3) and/or (A)(5).

33. As a result of Defendant's unlawful conduct, FMPP has been and will continue to be damaged.

34. Defendant's activities have caused and will cause irreparable harm to FMPP for which FMPP has no remedy at law in that, if Defendant's wrongful conduct continues, customers and others are likely to become further confused as to the source of the products provided by Defendant, constituting an interference with FMPP's goodwill and customer relationships. As a result, FMPP is entitled to an injunction prohibiting Defendant's further violation of the Oklahoma Deceptive Trade Practices Act, 78 Okla. Stat. §§ 51 et seq.

35. FMPP is further entitled to recover its attorneys' fees and costs in seeking such injunction.

**WHEREFORE**, FMPP prays for the Court to enter judgment in its favor as follows:

A. Judgment be entered in favor of FMPP and against the Defendant as to each of the above counts;

B. FMPP be granted specific performance of the Franchise Agreement, and that Defendant (and all persons acting in concert with them) be enjoined from engaging in further acts in breach of the Franchise Agreement, including enjoined from use of FMPP's trademark, trade dress, and return of FMPP's trade secrets including customer lists;

C. Defendant, together with their officers, directors, agents, employees, representatives, and all persons acting in concert with any of them, be enjoined from engaging in further acts of trademark infringement and unfair competition;

D.  Defendant, and all persons acting in concert with them, be enjoined from engaging in further acts of deceptive trade practices;

E.  Defendant be ordered to pay all of FMPP's costs and reasonable attorneys' fees;

F.  FMPP be granted all other legal and equitable relief as this Court may deem appropriate and just.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

/s/ Michael D. McClintock
Michael D. McClintock, OBA#18105
McClintock Law
1000 W. Wilshire Blvd, Suite 307
Nichols Hill, Oklahoma 73116
Telephone:   (405) 552-2213
michael@mcclintock-law.com
*Attorneys for Plaintiff*